IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **UNITED STATES OF AMERICA**, | Case No. 3:22-cv-1101-JR |
| Plaintiff, | **ORDER** |
| v. | |
| **AQUATHERM GmbH**; **AQUATHERM INC.**; **AQUATHERM, L.P.**; **RIDGELINE MECHANICAL SALES, LLC**; **FERGUSON ENTERPRISES, LLC**; and **AETNA NA, L.C.**, | |
| Defendants. | |

**Michael H. Simon, District Judge.**

United States Magistrate Judge Jolie A. Russo issued Findings and Recommendation in this case on March 16, 2023. Judge Russo recommended that this Court deny the motion to dismiss filed by Defendant Aquatherm Gmbh (AQ GmbH) asserting lack of personal jurisdiction based on ineffective service of process.

Under the Federal Magistrates Act (Act), the Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b)(1). If a party objects to a magistrate judge's findings and recommendations, "the court

PAGE 1 – ORDER

shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." *Id.*; Fed. R. Civ. P. 72(b)(3).

For those portions of a magistrate judge's findings and recommendations to which neither party has objected, the Act does not prescribe any standard of review. *See Thomas v. Arn*, 474 U.S. 140, 152 (1985) ("There is no indication that Congress, in enacting [the Act], intended to require a district judge to review a magistrate's report to which no objections are filed."); *United States. v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc) (holding that the court must review *de novo* magistrate judge's findings and recommendations if objection is made, "but not otherwise"). Although in the absence of objections no review is required, the Act "does not preclude further review by the district judge[] *sua sponte* . . . under a *de novo* or any other standard." *Thomas*, 474 U.S. at 154. Indeed, the Advisory Committee Notes to Fed. R. Civ. P. 72(b) recommend that "[w]hen no timely objection is filed," the Court review the magistrate judge's recommendations for "clear error on the face of the record."

AQ GmbH lodges several objections to the Findings and Recommendation.[1] AQ GmbH raises many of the same arguments it asserted before Judge Russo in its motion to dismiss. AQ GmbH's objections primarily center around its arguments that service of process was ineffective because Judge Russo previously allowed alternative service under Rule 4(f)(3) of the Federal Rules of Civil Procedure, instead of requiring the United States to serve AQ GmbH under the Hague Convention. AQ GmbH contends that service of a foreign corporation who is a resident of a country that is a signatory of the Hague Convention *must* be done through the Hague Convention using the country's central authority, that to permit otherwise violates the foreign corporation's Due Process rights, and that a court's authorization of alternative service outside

---

[1] Notwithstanding AQ GmbH's request for oral argument, the Court does not believe that oral argument would assist in resolving the objections. *See* LR 7 1(d)(1).

the Hague Convention is impermissible, particularly when such authorization is issued without requiring the plaintiff to first attempt to serve the defendant under the Hague Convention or show unusual or special circumstances. AQ GmbH misstates the law of alternative service under Rule 4(f)(3).

First, as explained by Judge Russo, service through the Hague Convention is not mandatory. The Supreme Court in *Volkswagenwerk Aktiengesellschaft v. Schlunk*, stated that "compliance with the Convention is mandatory *in all cases to which it applies*." 486 U.S. 694, 707 (1988) (emphasis added). The Supreme Court held, however, that "[t]he only transmittal to which the Convention applies is a transmittal abroad that is required as a necessary part of service." *Id.* at 707. The Hague Convention, therefore, is not applicable when service, such as the alternative service completed here, is done domestically under Rule 4(f)(3). In other words, the argument that "service did not comply with the Hague Convention . . . . misses the mark because service was not effected pursuant to the Hague Convention, and that agreement does not displace Rule (f)(3)." *Nagravision SA v. Gotech Int'l Tech. Ltd.*, 882 F.3d 494, 498 (5th Cir. 2018).

Second, the Tenth Circuit rejected similar arguments to those raised by AQ GmbH, that a foreign country's objections to methods of alternate service and designation of a central authority requires service through the central authority. *Compania de Inversiones Mercantiles, S.A. v. Grupo Cementos de Chihuahua S.A.B. de C.V.*, 970 F.3d 1269, 1294 (10th Cir. 2020). The Tenth Circuit explained that "the relevant inquiry under Rule 4(f)(3) is not whether the agreement affirmatively endorses service outside the central authority." *Id.* The proper inquiry "is whether the alternative service method in question is 'prohibited' by the agreement. . . . Several tribunals have held—Article 10 objections notwithstanding—that the Convention does not contain a specific prohibition on this form of service." *Id.* (gathering cases allowing alternate service of

PAGE 3 – ORDER

foreign companies through U.S. counsel). The Court agrees with this analysis and that of the Findings and Recommendation and rejects AQ GmbH's objections based on the purported improper service for failure to comply with the Hague Convention.

Third, the Court agrees with the discussion in *Compania de Inversiones Mercantiles* regarding whether service on a foreign company's U.S. counsel is proper under Rule 4(f)(3) despite the clause's text that envisions service "at a place not within any judicial district of the United States[.]" *Id.* at 1295. As the Tenth Circuit explained, "courts have held that the 'proper construction' of Rule 4(f)(3) vis-à-vis a foreign defendant includes service via 'delivery to the defendant's attorney.'" *Id.* (quoting *Rio Props., Inc. v. Rio Int'l Interlink*, 284 F.3d 1007, 1016 (9th Cir. 2002)). This is because "ultimately, the foreign individual is served and thereby provided notice outside a United States judicial district, in accordance with Rule 4's plain language." *Id.* (quotation marks omitted). Thus, AQ GmbH's objections on this issue are overruled.

Fourth, the United States does not need to first attempt conventional service methods or show unusual circumstances. *See AngioDynamics, Inc. v. Biolitec AG*, 780 F.3d 420, 429 (1st Cir. 2015) ("By its plain terms, Rule 4(f)(3) does not require exhaustion of all possible methods of service before a court may authorize service by "other means," such as service through counsel and by email."). As explained by the Federal Circuit, "courts have recognized that delay and expense are factors that legitimately bear on whether to issue an order for alternative service." *In re OnePlus Tech. (Shenzhen) Co., Ltd.*, 2021 WL 4130643, at *3 (Fed. Cir. Sept. 10, 2021) (rejecting argument that alternative service was improper because no unusual circumstances were present and the district court relied only on claimed expense and delay). Further, the United States explained the circumstances supporting alternative service in this

PAGE 4 – ORDER

case—that there is another related pending case involving the same parties and counsel, with some overlapping facts and issues for which there likely will be shared discovery, and service through the Hague Convention will result in unnecessary delay, expense, and difficulty in coordinating discovery between the cases. The Court rejects AQ GmbH's contention that there is no evidence of overlapping facts or issues. The United States purchased the same pipes at nearly the same time and the buildings have experienced the same failure. The issues of AQ GmbH's pipe design, testing, and manufacture apply to both cases. There may also be overlap in the specifications or installation instructions provided by AQ GmbH and whether its products or specifications complied with industry standards, among others.

Fifth, the alternate service method comported with constitutional notions of due process. "To meet this requirement, the method of service crafted by the court must be 'reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections.'" *Nuance Commc'ns, Inc. v. Abbyy Software House*, 626 F.3d 1222, 1240 (Fed. Cir. 2010) (quoting *Mullane v. Cent. Hanover Bank & Trust Co.*, 339 U.S. 306, 314 (1950)). Judge Russo ordered the United States to serve AQ GmbH's U.S. counsel in a pending, related lawsuit, which meets this standard.

Finally, the Court rejects AQ GmbH's objection that the Findings and Recommendation improperly found personal jurisdiction. AQ GmbH first argues that the Court does not have personal jurisdiction because there was no proper service of process. The Court has rejected AQ GmbH's objections relating to service of process. AQ GmbH also objects to the Findings and Recommendation imputing in this case the Court's previous finding of personal jurisdiction under Rule 4(k)(2) of the Federal Rules of Civil Procedure in the related case of *United States v. Aquatherm GmbH*, Case No. 3:21-cv-335-JR. This objection is overruled.

PAGE 5 – ORDER

The Court's basis for finding personal jurisdiction under Rule 4(k)(2) in the related case is directly relevant to personal jurisdiction in this case. The Court applied the three-part test from *Holland America Line Inc. v. Wartsila North America, Inc.*, 485 F.3d 450 (9th Cir. 2007). The Court analyzed whether AQ GmbH met the requirements for jurisdiction with respect to the allegedly defective pipes and concluded that it did. *United States v. Aquatherm GmbH*, 609 F. Supp. 3d 1163, 1170-72 (D. Or. 2022). That analysis remains the same for this case because it is focused on AQ GmbH and its actions and contacts with respect to the pipes it sells in the United States, and not the specific building in which the pipes were ultimately installed.

## CONCLUSION

The Court ADOPTS the Findings and Recommendation, ECF 56, as supplemented herein. The Court DENIES Defendant Aquatherm GmbH's Motion to Dismiss, ECF 43.

**IT IS SO ORDERED.**

DATED this 20th day of April, 2023.

/s/ *Michael H. Simon*
Michael H. Simon
United States District Judge